UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Koninklijke Boskalis Westminster NV, Boskalis International BV, and Westminster International BV, <br><br> Plaintiffs, <br><br> vs. <br><br> Mediterranean Shipping Company SA, and Compania Naviera Carolina SA, <br><br> Defendants. | ) Civil Action No.:2:07-CV-_____ <br> ) <br> ) <br> ) <br> ) <br> ) **VERIFIED COMPLAINT** <br> ) **PRAYER OF PROCESS** <br> ) **AND RELIEF BY MARITIME** <br> ) **ATTACHMENT** <br> ) <br> ) <br> ) <br> ) |

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Koninklijke Boskalis Westminster NV (hereinafter referred to by its registered trade name and English translation, "Royal Boskalis Westminster NV"), Boskalis International BV and Westminster International BV (collectively "Boskalis"), and for their Verified Complaint against Defendants Mediterranean Shipping Company SA ("MSC SA"), and Compania Naviera Carolina SA ("Carolina SA") (collectively MSC), *in personam*, in a cause of action for maritime collision and civil damages, allege on information and belief as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court, within the meaning of the Rule 9(h) and Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff Royal Boskalis Westminster NV was and is a public limited liability company organized and existing under and by virtue of the laws of The Netherlands. It is a large international dredging company with worldwide operations, including in the United States which it treats as a home market. Its operations in the

United States are carried on through a subsidiary located at 3525 North Causeway Blvd., Metairie, Louisiana. Koninklijke Boskalis Westminster NV was and still is the parent of Westminster International BV.

3. At all material times, Plaintiff Westminster International BV was and still is a private limited liability company organized and existing under and by virtue of the laws of The Netherlands and is the registered owner of the dredge W.D. FAIRWAY. Royal Boskalis Westminster NV provides services to the dredge and its owner.

4. At all material times, Plaintiff Boskalis International BV was and still is a private limited liability company organized and existing under and by virtue of the laws of The Netherlands and was a charterer of the dredge W.D. FAIRWAY. Royal Boskalis Westminster NV also provides services to Boskalis International BV.

5. The W.D. FAIRWAY is an oceangoing suction hopper dredge, IMO No. 9132454, with register dimensions of a length of 231.71 meters, a breadth of 32 meters, and of 33,423 gross tons. At all material times, the W.D. FAIRWAY was staunch, strong, tight and in all respects seaworthy prior to the collision complained of herein.

6. At all material times, Defendant MSC SA was and still is a business entity organized and existing under and by virtue of the laws of Switzerland.

7. At all material times, Joanna Compania Naviera SA ("Joanna SA") was and still is a business entity organized and existing under and by virtue of the laws of Panama and the registered owner of the M/V MSC JOANNA.

8. At all material times, Defendant Carolina SA was and still is a business entity organized and existing under and by virtue of the laws of Panama and the registered owner of the M/V MSC CAROLINA.

9. Upon information and belief, Joanna SA and Carolina SA are merely alter egos of MSC

SA. Upon information and belief, MSC SA, Joanna SA and Carolina SA acted as a single corporate entity, with such unity of ownership and interest that no separation exists between them. These companies overlap in ownership, officers, directors, and personnel. Additionally, these companies share common office space, addresses, and telephone numbers. On information and belief, MSC SA is the ultimate beneficial owners of both the M/V MSC JOANNA and M/V MSC CAROLINA, notwithstanding the vessels' separate "Registered Owners," which exist merely as shell companies of MSC SA. MSC SA dominates, controls, and operates Joanna SA and Carolina SA such that they are mere instrumentalities or tools. Accordingly, the corporate distinctions between the Defendant companies should be disregarded by the Court, and the Defendants should be considered as one legal entity.

10. At all material times, the M/V MSC JOANNA was and still is an oceangoing vessel registered under the laws of Panama, IMO No. 9304435, with register dimensions of length 336.67 meters, breadth 45.6 meters, and of 107,849 gross tons. Although Joanna SA is identified as registered owner, the MSC JOANNA is owned, operated, managed, and within the complete dominion and control of MSC SA.

11. At all material times, the M/V MSC CAROLINA was and still is an oceangoing vessel registered under the laws of Panama, IMO No. 9295397, with register dimensions of length 274.67 meters, breadth 40.24 meters, and of 65,483 gross tons. Although Carolina SA is identified as registered owner, the MSC CAROLINA is owned, operated, managed, and within the complete dominion and control of MSC SA.

12. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief Defendants have property, goods, chattels, or credits and effects

that are now or will soon be within this district, to wit: the M/V MSC JOANNA's sister ship M/V MSC CAROLINA (IMO Number 9295397) (See attached Exhibit "A"). According to Sea-Web reports obtained through Lloyd's Register (see attached Exhibit "B"), Lloyd's Register of International Shipowning Groups (See attached Exhibit "C"), articles discussing the naming of MSC-owned vessels (attached Exhibit "D"), and information available on MSC's webpage (See attached Exhibit "E"), the M/V MSC JOANNA and M/V MSC CAROLINA, while possessing separate "Registered Owners," are both owned, operated, and managed by MSC. This alter ego relationship between the registered owners and MSC is further exemplified by documentation obtained from the Panama Maritime Authority showing account statements for the registered owners sent directly to MSC in Geneva rather than the Panama address, and the attached table showing the common and overlapping directors and officers of MSC's registered vessel owners based on information garnered from the Public Registry of Panama. (See attached Exhibit "F").

13. MSC is subject to this Court's personal jurisdiction because of MSC's continuous and systematic contacts with the forum. By scheduling its ships to call regularly at the port of Charleston, MSC has conducted and continues to conduct business in this state. In some instances, MSC employs agents to provide services locally. MSC's world-wide sailing schedule, published weekly on its official web site, shows that it directs its ships to Charleston and other U.S. cities, such as Savannah, New Orleans, Port Everglades, Houston, Baltimore, Philadelphia, New York, Boston, and Long Beach. MSC's official web site proclaims that it is "one of the leading global shipping lines of the world," operating 326 container vessels in February 2007.

**LIABILITY ALLEGATIONS**

14. On March 8, 2007, the dredge W.D. FAIRWAY was conducting dredging operations in the Yellow Sea east of the seaward end of the entrance channel for the port of Tianjin, China. The W.D. FAIRWAY was heading in an easterly direction. It was daylight and the weather was clear.

15. At all material times, the radars, radios, Automatic Identification System (AIS) and other navigational equipment on the W.D. FAIRWAY were working properly.

16. Because the W.D. FAIRWAY was engaged in dredging operations, she was a vessel restricted in her ability to maneuver under Rule 3 of the International Regulations for Prevention of Collisions at Sea, 1972 (COLREGS).

17. At all material times, the W.D. FAIRWAY displayed the proper lights and shapes required by Rule 27 of the COLREGS for a vessel restricted in its ability to maneuver because it was engaged in dredging operations.

18. While conducting dredging operations, the W.D. FAIRWAY was proceeding at a speed no more than about 2 knots.

19. On March 8, 2007, the MSC JOANNA was heading in an easterly direction, departing the entrance channel to port of Tianjin, China.

20. The navigation watchstanders on the W.D. FAIRWAY observed a large overtaking vessel later determined to be the MSC JOANNA approaching the W.D. FAIRWAY from astern.

21. As an overtaking vessel, the MSC JOANNA was required by Rule 13 of the COLREGS to keep out of the way of vessels being overtaken.

22. COLREGS Rule 18 also required the MSC JOANNA to keep out of the way of vessels restricted in their navigation, like the W.D. FAIRWAY.

23. When the MSC JOANNA came closer to the W.D. FAIRWAY, the MSC JOANNA maneuvered to port to a course on which she would safely keep out of the way of the W.D. FAIRWAY.

24. Minutes later, the MSC JOANNA suddenly, unexpectedly, and irresponsibly began turning to starboard on a collision course with the W.D. FAIRWAY.

25. The W.D. FAIRWAY took immediate action to try to avoid collision with the MSC JOANNA.

26. Despite the actions taken by the W.D. FAIRWAY, the MSC JOANNA struck the W.D. FAIRWAY on her port side with such force that she became lodged in the side of the ship.

27. The impact of the collision caused tremendous physical damage to the W.D. FAIRWAY, instantly taking her out of service.

28. The collision, damage, and all other losses, expenses and costs resulting from the incident described above were in no way caused by or contributed to by any fault, neglect, or want of care on the part of anyone for whose conduct plaintiffs are responsible, but were the result of and were caused by the willful and reckless sole fault, neglect, and want of due care of the MSC JOANNA and those in charge of the MSC JOANNA, and were within the privity or knowledge of defendants, in the following respects, among others, which will be shown at the trial of this cause:

    a. The MSC JOANNA was unseaworthy;

    b. The MSC JOANNA was manned by persons who were careless, incompetent and inattentive to their duties;

    c. The MSC JOANNA failed to maintain a proper watch;

    d. The MSC JOANNA failed to keep a proper lookout under the circumstances,

     visually, by radar, or otherwise;

  e. The MSC JOANNA failed to make proper use of her radar or other means to determine the risk of collision;

  f. Those in charge of the MSC JOANNA disregarded the applicable rules of the road and basic principles of navigation;

  g. The MSC JOANNA failed to use due care under the circumstances; and

  h. The MSC JOANNA negligently failed to take timely corrective, evasive or precautionary actions to avoid the aforesaid collision and/or to minimize its destructive effect.

Plaintiffs reserve the right to amend and supplement this article of their claim and to specify such other and/or different faults and acts of negligence as may become evident in the development of further facts.

## DAMAGES

29. As a direct and proximate result of the aforesaid collision, Plaintiffs sustained damages and losses, tremendous physical damage to or complete loss of the W.D. FAIRWAY, loss of use, loss of hire, salvage expense, business interruption, and other damages, costs, attorneys' fees, and expenses.

30. As nearly as can be estimated at present, damages and losses sustained by Plaintiffs are at least Three Hundred Twenty-Six Million and no/100 ($326,000,000.00) Dollars. Plaintiffs reserve the right to amend and/or supplement this article of the claim as the facts become more fully known.

31. On information and belief, all and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

WHEREFORE, Plaintiffs, Royal Boskalis Westminster NV, Boskalis International BV and Westminster International BV, pray that:

1. Process in due form of law, according to the rules and practices of this Honorable court, may issue against Defendants, citing them personally to appear and answer all and singular the matters aforesaid;

2. Because Defendants cannot be found within the District, that property, goods, chattels, or credits and effects, namely the M/V MSC CAROLINA, be attached in this proceeding to the amount of the claim asserted herein under a Writ of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

2. Defendants be required to appear herein, and answer all of the allegations under oath;

3. This Court retain jurisdiction over Defendants through the attachment of their property, goods, chattels, or credits and effects, namely the M/V MSC CAROLINA, in order to be in the position to enter judgment upon and decree by this Court with respect to the disputes herein;

4. Any property attached in this proceeding may be sold under the direction of this Court and the proceeds of the sale be brought into this Court;

5. Judgment be entered in favor of Plaintiffs for the amount of its claims, with interest and costs, and that a decree of condemnation issue against the property and credits of Defendants for the amount of Plaintiffs' claim with interest and costs; and

6. For such other, further and different relief as this Court may deem proper.

                                        TECKLENBURG LAW FIRM, LLC

                                        s/ Paul F. Tecklenburg

BY: _____
                                        Paul F. Tecklenburg, Fed. ID. # 3702
                                        Rivers T. Jenkins, Fed. ID. # 5631
                                        215 East Bay Street, Suite 404
                                        Charleston, SC  29401
                                        (843) 534-2628 Phone
                                        (843) 534-2629 Facsimile
                                        pft@tecklaw.net

May 4, 2007                              rtj@tecklaw.net
Charleston, South Carolina           *ATTORNEYS FOR PLAINTIFFS*

Of Counsel:

Antonio J. Rodriguez, Esquire
Mary Campbell Hubbard Broughton, Esquire
Alanson T. Chenault, IV, Esquire
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, LA 70130
(504) 523-2600 Phone
(504) 523-2705 Facsimile