IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KONINKLIJKE BOSKALIS WESTMINSTER NV; BOSKALIS INTERNATIONAL BV; and WESTMINSTER INTERNATIONAL BV, | ) ) ) ) ) | C/A No.: 2:07-1290 DCN |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | **ORDER** |
| MEDITERRANEAN SHIPPING COMPANY SA; and COMPANIA NAVIERA CAROLINA SA, | ) ) ) ) | |
| Defendants. | ) ) | |

On June 26, 2009, the United States Court of Appeals for the Fourth Circuit issued an opinion, In re Compania Naviera Joanna SA, et al., v Koninklijke Boskalis Westminster NV, et al., 569 F. 3d 189 (4th Cir. 2009), that resolves all United States litigation against the defendants herein. On July 24, 2009, a petition for rehearing and rehearing en banc was denied by the appellate court, and the mandate and Judgment Order issued on this date, August 3, 2009. For the reasons set forth below, this case is DISMISSED.

I. Background

On March 8, 2007, in Chinese territorial waters near the port of Tianjin, the MSC Joanna, owned by a Panamanian corporation and chartered by a Swiss corporation, collided with the W.D. Fairway, a dredge owned and chartered by Netherlands corporations. Legal proceedings were begun in the Tianjin Admiralty Court to resolve liability and damages. Soon thereafter, the Netherlands corporations filed eight actions in four United States district courts under Admiralty Rule B, seeking sixteen writs of

attachments against other vessels chartered by one of the defendants, as security for the damages sought.

## II. Injunction of Other Proceedings

In the United States District Court for the District of South Carolina, the defendants who owned and operated the MSC Joanna filed a limitation-of-liability action, under 46 U.S.C. § 30511 and Admiralty Rule F, to prevent further attachments and enjoin the current attachments. Under the Limitation of Liability Act, "[w]hen an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511. Likewise, Admiralty Rule F provides that, at plaintiff's request, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. Supp. R. F(3). Finding compliance with these requirements, this court enjoined all other proceedings, including this case, "until the hearing and determination of" the limitation-of-liability actions.

## III. Dismissal Under Forum Non Conviens

Through a limitation-of-liability action, defendants sought to have the action dismissed in favor of Chinese proceedings under the doctrine of forum non conviens. This court found that this doctrine applied, since "the United States has absolutely no connection to the events giving rise to this action," and granted the motion to dismiss. In re Compania Naviera Joanna SA, et al., 531 F. Supp. 2d 680, 689 (D.S.C. 2007). The Fourth Circuit affirmed, holding that this court did not abuse its discretion in dismissing on the basis of forum non conviens. See In re Compania Naviera Joanna SA, et al., v.

Koninklijke Boskalis Westminster NV, et al., 569 F.3d 189 (4th Cir. 2009).[1] On July 1, 2009, defendant Mediterranean Shipping Company filed a status report in each case in this district court, submitting a copy of the Fourth Circuit's opinion without further comment. The mandate has now issued from the Fourth Circuit, and the appellate court's opinion is final.

## IV. Resolution of All Proceedings

The Fourth Circuit's affirmation of this court's opinion resolves that limitation-of-liability suit and all related proceedings. According to the Fourth Circuit, defendants used "Admiralty Rule F in effect to collect all the actions filed in the United States into one action and have that one action serve as the forum for resolving [defendants'] forum non conveniens challenge to any U.S. litigation[.]" Id. at 198. The Fourth Circuit noted that this single "motion challenging all U.S. litigation under the forum non conviens doctrine . . . was the most efficient for both parties," since it prevented the need for litigating the same issue across the country. Id. at 199. Thus, the Fourth Circuit states: "[W]e defer to the Tianjin Admiralty Court in China" for the resolution of all liability and damages issues in this matter. Id.

## V. Conclusion

Pursuant to the Fourth Circuit's opinion that all United States litigation in this matter has been resolved by defendants' forum non conviens challenge in the South Carolina limitation-of-liability suit, the related proceedings before this court are hereby

---

[1] Because the dredge owner and charterer has likely missed the deadline for pursuing claims in the Tianjin Admiralty Court, the Fourth Circuit modified the district court's ruling to bar the assertion of an applicable statute of limitations or defense based on a missed deadline in the Chinese proceedings. See id. at 205.

DISMISSED, as all further proceedings must be pursued in China.

---

David C. Norton
Chief United States District Judge

Charleston, South Carolina
August 19, 2009